CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1871.

### DAVID TAGGART *v.* ORVILLE RISLEY *et al.*

WARRANTY.—One who is bound by a covenant of general warranty can not set up an after acquired title.

AVOIDANCE.—An answer that seeks to avoid the force of an alleged covenant of warranty, by a statement that the covenantor did not undertake to convey any greater interest in the premises than one fifth, does not allege material fact.

THE complaint, after alleging that the land in question had been conveyed by W. W. Chapman to the defendant, Orville Risley, states that the said Orville Risley and his wife for a valuable consideration conveyed the said lot to Charles Goodnough, (the plaintiff's grantor), by their deed duly executed and delivered. And that the said Orville Risley and his said wife in and by their said deed covenanted as follows: "And the said parties of the first part for themselves and their heirs, the said premises in the quiet and peaceable possession of the said party of the second part his heirs and assigns, against the said parties of the first part and their heirs, lawfully claiming or to claim the same, shall and will warrant and by these presents forever defend."

The answer sets up that before the time of making the said deed to Goodnough, in December, 1860, the said defendant, Orville Risley, had acquired but an undivided one fifth part of the said lot. That the said W. W. Chapman,

at the time of executing his said deed, owned but one fifth part thereof. And that the said Risley was the successor in interest to the said Chapman, and that by his said deed to said Goodnough he " did not undertake to convey any greater interest" than the said undivided one fifth part of the said lot 7.

It appears by the complaint that Daniel H. Lownsdale conveyed the same lot to the defendant Risley, by a deed executed May 30, 1861. Upon this last deed the defendant Risley relies, as an after acquired title, to four undivided fifths of the premises. The plaintiff demurred to the answer

*Mitchell & Dolph,* for the plaintiff.

*W. Lair Hill,* for the defendant.

By THE COURT, UPTON, J. The assertion that the defendant "did not undertake to convey any greater interest' than one fifth, is not a denial of a material allegation of the complaint; nor is it a statement of new matter in avoidance, upon which an issue of fact can be taken. The answer admits that the defendant Risley made the covenant set up in the complaint. The covenant differs from a covenant of general warranty only in limiting the persons against whose claims the grantor covenants; and he especially includes himself.

The case is clearly within the rule that prohibits one who is bound by a covenant of general warranty, from setting up an after acquired title. The phrase "the said premises," as ordinarily used in deeds of conveyance, is construed to mean the lands previously described in the instrument; and when there are no limiting words in the instrument, tending to show that the contract was for less than the whole of the parcel described, a defendant who admits the execution of the covenant, does not raise a material issue of fact by stating that he did not undertake to convey any greater interest than one fifth. The demurrer to the answer should be sustained.